**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4595

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEX ARTIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Rebecca Beach Smith, District Judge. (CR-04-11)

Submitted:  April 28, 2005              Decided:  May 3, 2005

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James S. Ellenson, Newport News, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Assistant United States Attorney, Richard D. Cooke, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alex Artis appeals his convictions for possession with intent to distribute crack cocaine, possession of a firearm in relation to and furtherance of a drug trafficking crime, possession of an unregistered firearm, and possession of a firearm by a convicted felon. Artis asserts that the district court erred by permitting admission of a certified copy of Artis's prior conviction for possession of a firearm while in possession of cocaine. Artis contends that admission of this evidence violated Federal Rule of Evidence 609 and unfairly tainted his trial. After consideration of the record, we affirm.

The district court actually admitted the evidence under Federal Rule of Evidence 404(b),[*] which prohibits evidence of prior conduct proving the character of a person in order to show action in conformity therein, but permits evidence of prior conduct if it is (1) relevant, (2) "probative of an essential claim or an element of the offense," (3) reliable, and (4) its probative value is not "substantially outweighed by confusion or unfair prejudice." United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997). In addition, the evidence necessary to prove a defendant's lack of credibility is an issue separate from character that satisfies Rule

---

[*]Rule 609 does not address or prevent the introduction of prior convictions offered to prove the falsity of defendant's testimony. United States v. Norton, 26 F.3d 240, 243-44 (1st Cir. 1994).

404(b).  <u>United States v. Lamarr</u>, 75 F.3d 964, 970-71 (4th Cir. 1996).  The district court's decision to admit evidence of prior bad acts under Rule 404(b) is reviewed for abuse of discretion.  <u>Queen</u>, 132 F.3d at 998.

Here, Artis testified that, although he had sold crack cocaine in the past, he never carried a gun while selling crack cocaine because he did not need one, and he did not know what an "eight ball" was.  Artis's prior conviction was inconsistent with his assertions that he did not need a gun, did not know how crack cocaine was measured, and had never possessed a gun while selling crack cocaine.  Although Artis argues that his testimony concerned possession of a firearm during a drug sale while his prior conviction involved only drug and firearm possession, his testimony that he did not need to carry a firearm in connection with drug dealing was clearly inconsistent with his prior conviction for possession of a firearm in connection with a drug offense.  Applying the principles of Rule 404(b) discussed above, we find that the district did not abuse its discretion in admitting the evidence.

Accordingly, we affirm Artis's convictions.  We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>